**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN RIGDON,

       Plaintiff,

vs.                                Case No. 3:19-cv-915-J-34PDB

TARGET CORPORATION,

       Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand and Memordandum [sic] of Law in Support Thereof (Doc. 8; Motion), filed on August 29, 2019. In the Motion, Plaintiff seeks remand of this lawsuit to state court pursuant to 28 U.S.C. § 1447, and in support, argues that Defendant's removal of the action was untimely. See Motion at 7-8. Defendant Target Corporation filed a response in opposition to the Motion on September 12, 2019. See Defendant's Response with Memorandum of Law to Plaintiff's Motion to Remand (Doc. 9; Response). Defendant maintains that it timely removed the case within thirty days of its receipt of medical records from which it could first ascertain that the amount in controversy necessary to invoke this Court's diversity jurisdiction was satisfied. See Response at 6-7. Upon review, and for the reasons set forth below, the Court finds that the Motion is due to be denied.

This action arises out of injuries Plaintiff John Rigdon allegedly sustained in an accident involving the operation of a push cart at a Target store in Jacksonville, Florida. See generally Complaint (Doc. 3). Prior to filing this lawsuit, on February 5, 2019, Plaintiff's counsel submitted a written settlement offer to Defendant's insurer offering to resolve the

matter for the "liability limits of $350,000.00." See Response, Ex. A at 2. Plaintiff argues that "medical records and billing in support of his offer were enclosed with the demand." See Motion at 1. According to Plaintiff, these records "stated that Plaintiff had consented to a surgical procedure" and provided "the estimated costs of said procedure." Id. Significantly, the records attached to the demand letter documented only $5,835 in medical costs. See Response at 2 n.1, Ex. B. Neither party filed the surgical consent form or estimate for the Court's review, but Defendant asserts that the records reflected an estimated surgeon's fee of $30,000. See Response at 2. On March 15, 2019, Plaintiff underwent surgery on his left knee. See Motion at 1. On May 1, 2019, Plaintiff initiated this action in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See Complaint (Doc. 3). In the Complaint, Plaintiff alleges that "[t]his is an action for damages in excess of $15,000.000 [sic], exclusive of attorneys' fees, costs, and interest." Id. ¶ 1. On July 9, 2019, Plaintiff served on Defendant his Answers to Interrogatories and Response to First Request to Produce which included medical bills totaling $57,664.41. See Motion at 2; Defendant Target Corporation's Notice of Removal (Doc. 1; Notice), Exs. D-J. Defendant then removed the case to this Court on August 8, 2019. See generally Notice.[1]

In the Notice, Defendant invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 1. "A district court has [diversity] jurisdiction over all cases

---

[1] Although the Notice identifies two Plaintiffs in this action, John and Joy Rigdon, see Notice at 1, the Court notes that Joy Rigdon voluntarily dismissed her lack of consortium claim without prejudice on July 9, 2019, before this action was removed to this Court. See Notice of Voluntary Dismissal Without Prejudice of Plaintiff Joy Rigdon's Consortium Claim Only (Doc. 1-1 at 89). Pursuant to Florida Rule of Civil Procedure 1.420(a)(1), such notices are self-effectuating, and a party is automatically dismissed upon the filing of the notice. Accordingly, the Court will direct the Clerk of the Court to terminate Plaintiff Joy Rigdon from the docket in this case.

2

between citizens of different states when the amount in controversy exceeds $75,000." See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999) (emphasis omitted) (citing 28 U.S.C. § 1332(a)).[2] Pursuant to 28 U.S.C. § 1446(b)(3)

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendant asserts that it could not ascertain that the jurisdictional threshold was satisfied until it received Plaintiff's July 9, 2019 discovery responses. See Response at 5. As such, Defendant maintains that it timely removed this action within thirty days of receiving this information. See id. at 6-7.

Notably, Plaintiff does not dispute that the amount in controversy in this case exceeds $75,000. Rather, Plaintiff maintains that Defendant knew the jurisdictional threshold was met upon receipt of Plaintiff's pre-suit demand letter seeking the $350,000 liability limits. See Motion at 7. Plaintiff's argument is unavailing. As the Court has previously explained:

> "[w]hen referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'" See Boyd v. State Farm Mut. Auto. Ins. Co., No. 6:15-cv-1965-Orl-22TBJ, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quoting Moser v. Cincinnati Ins. Co., No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)). If a pre-suit demand letter provides "a reasonable assessment of the value of the claim," then it is "more indicative of the true amount in controversy," especially where the letter "contains supporting information, such as medical bills or a specific medical diagnosis." Id. (internal quotation omitted); see also Hernandez v. Burlington Coat Factory of Fla., LLC, No. 2:15-cv-403-FtM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015). In contrast, a demand for a lump sum

---

[2] In the Notice, Defendant alleges that Plaintiff is a citizen of Florida and Defendant is incorporated in the State of Minnesota with its principal place of business in Minnesota. See Notice at 2. Plaintiff does not challenge these allegations and the Court is satisfied that the parties are of diverse citizenship.

3

amount "without the slightest suggestion how in the world the plaintiff[ ] could support such a figure," is considered nothing more than mere posturing. See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

See Adkins v. Family Dollar Stores of Fla., LLC, Case No. 3:18-cv-1257-J-34PDB, 2018 WL 5312024, at *3 (M.D. Fla. Oct. 26, 2018); see also, e.g., Ashmeade v. Farmers Ins. Exchange, Case No. 5:15-cv-533-Oc-34PRL, 2016 WL 1743457, at *2-4 (M.D. Fla. May 3, 2016); Crable v. State Farm Mut. Auto. Ins. Co., Case No. 5:10-cv-402-Oc-99MMH-JBT, 2010 WL 11470855, at *5 n.7 (M.D. Fla. Nov. 15, 2010).

Here, the demand letter offered no facts or records to substantiate Plaintiff's demand for the $350,000 policy limits. See Response, Ex. A. Indeed, the costs reflected in the medical bills provided ($5,835) do not even remotely come close to the $350,000 liability limits demanded, nor do they exceed the $75,000 jurisdictional threshold. See Response, Ex. B. While Plaintiff appears to contend that notice of the recommended knee surgery sufficiently indicated that the amount in controversy would exceed $75,000, see Motion at 3, 7, prior to its receipt of the medical records, Defendant could do no more than speculate as to whether Plaintiff had actually decided to move forward with the recommended knee surgery, and what the ultimate cost of such a surgery would be. Indeed, the $30,000 estimated surgical fee provided to Defendant still left Plaintiff's medical costs far short of the jurisdictional threshold. Thus, prior to its receipt of the additional medical records on July 9, 2019, Defendant did not have information from which it could ascertain that this case was removable. Accordingly, the Court finds that Defendant's removal of this action was not untimely. In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Motion to Remand and Memordandum [sic] of Law in Support Thereof (Doc. 8) is **DENIED**.

2. The Clerk of the Court is directed to terminate Plaintiff Joy Rigdon from the docket in this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of October, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties