Case 3:19-cv-00915-MMH-PDB   Document 52   Filed 08/31/20   Page 1 of 7 PageID 752

United States District Court
Middle District of Florida
Jacksonville Division

**JOHN RIGDON,**

    *Plaintiff,*

v.                                                **NO. 3:19-cv-915-J-34PDB**

**TARGET CORPORATION,**

    *Defendant.*

---

## Order

John Rigdon sues Target Corporation for negligence for injuries he allegedly sustained on December 10, 2018, when, at a Target store, he was struck by a "U-boat" cart pushed by Shante Waters, a now former Target employee. Docs. 3, 46. Target admits duty and breach but disputes causation and damages. This order addresses pending motions about Rigdon's failure to timely disclose expert reports. Docs. 33, 50.

## Background

On March 15, 2019—approximately three months after the incident—, Dr. Fady El-Bahri performed surgery on Rigdon's left knee. Doc. 37 at 1.

On May 1, 2019, Rigdon brought this action in state court, represented by Joseph Miller and James Fater with the firm of Ronald E. Sholes, P.A. Doc. 1-1.

On August 8, 2019, Target removed the action to this court, Doc. 1, and on August 13, 2019, the parties received the track notice and form for the case management notice, Doc. 6. Target's counsel emailed Rigdon's counsel to meet about case management, but Rigdon's counsel did not respond. Doc. 20 at 1–2.

On August 29, 2019, Rigdon, through Miller and Robert Bonner (also with the Sholes firm), moved for remand. Doc. 8.

On September 18, 2019, Miller and Bonner moved for permission for Fater to withdraw as counsel for Rigdon because Fater is not a member of the Court's bar. Doc. 11. The Court granted the motion. Doc. 13.

On October 4, 2019, the Court denied the motion for remand, Doc. 14, and on October 15, 2019, the Court ordered the parties to show cause why the action should not be dismissed for lack of prosecution or sanctions imposed for failure to file a case management report, Doc. 16.

Miller and Target's counsel met the next day. Doc. 19 at 2. In a joint response to the order to show cause, they explained Rigdon's counsel failed to respond to the request to meet by Target's counsel because Rigdon's counsel believed the action might be remanded, and Target's counsel never followed up. Doc. 20 at 2. They explained the parties are "diligently prosecuting" the action and filed a case management report. Doc. 20 at 2. The Court discharged the order to show cause. Doc. 21.

On October 18, 2019, using dates the parties proposed, Doc. 19, the Court entered a case management and scheduling order setting March 31, 2020, as the deadline for Rigdon to disclose expert reports; April 30, 2020, as the deadline for Target to disclose expert reports; May 29, 2020, as the deadline for the parties to complete discovery; June 30, 2020, as the deadline for the parties to file dispositive and *Daubert* motions; and December 2020 as the trial term, Doc. 22. The Court cautioned that May 29, 2020, "is the <u>final</u> date discovery shall be completed." Doc. 22 at 2 (emphasis in original). The Court further cautioned, "**THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES**." Doc. 22 at 5 (emphasis in original).

Between November 14, 2019, and December 18, 2019, the parties exchanged discovery. Doc. 33 at 2. On December 2, 2019, the mediator notified the Court the mediation was scheduled to take place on March 5, 2020. Doc. 28.

On December 19, 2019, Rigdon was deposed. Doc. 33 at 2.

On January 24, 2020, Rigdon cancelled a deposition of Waters scheduled to occur four days later because Rigdon had been unable to effect service of a subpoena on Waters. Doc. 33 at 2; Doc. 35 at 2.

On February 6, 2020, a new mediator notified the Court the mediation was scheduled to take place on April 15, 2020. Doc. 29.

In late February or early March 2020, Miller left the Sholes firm, and, on March 15, 2020, the action was reassigned to James Brunet with the Sholes firm. Doc. 33 at 3, 7.

On March 9, 2020, Rigdon's counsel stated a desire to take the deposition of a corporate representative but failed to follow-up to identify areas of inquiry Target's counsel had requested to identify the appropriate representative. Doc. 35 at 3.

On April 16, 2020, the mediator reported the mediation had taken place on April 15, 2020, and the parties had reached an impasse. Doc. 30.

On April 17, 2020, Target's counsel wrote Rigdon's counsel to obtain dates for Dr. El-Bahri's deposition. Doc. 37 at 1–2. The parties ultimately agreed to schedule the deposition for June 9, 2020. Doc. 37 at 2.

On April 23, 2020, James Brunet with the Sholes firm notified the Court he is now counsel of record for Rigdon. Doc. 31.

On April 29, 2020, Target disclosed its expert. Doc. 35 at 3–4.

On May 1, 2020, Rigdon, through Brunet, filed one of the pending motions. Doc. 33. Rebecca Cozart (also with the Sholes firm) is also in the signature block. Doc. 33 at 7. In the motion, Rigdon seeks extensions of the March 31 deadline for him to disclose expert reports to June 29, 2020; of the April 30 deadline for Target to disclose expert reports to July 27, 2020; of the May 29 deadline to conduct discovery to August 24, 2020; and of the June 30 deadline to file dispositive and *Daubert* motions to September 23, 2020. Doc. 33.

The same day, Rigdon, through Brunet, filed a notice of designation of three experts with reports "forthcoming": Dr. El-Bahri, Dr. Richard Boehme (an asserted expert on biomechanics), and Robert Loderstedt (an asserted expert on retail safety). Doc. 32; Doc. 35 at 4; Doc. 49-1. The Court directed the clerk to remove the notice as an improperly filed discovery document. Doc. 34.

On the morning of June 9, 2020—the day scheduled for Dr. El-Bahri's deposition—Target's counsel learned the deposition was cancelled by Dr. El-Bahri's office or by Rigdon's counsel. Doc. 37 at 2. Target's counsel was prepared to take the deposition, and the parties dispute the reason for the cancellation. Doc. 37 at 2. Dr. El-Bahri's office offered days in July for rescheduling. Doc. 37 at 2.

On June 19, 2020, Target moved without opposition for an extension of the June 30, 2020, deadline to file a *Daubert* motion, explaining the continued need to depose Dr. El-Bahri and a possible *Daubert* motion based on his testimony. Doc. 37 at 1–2. On the same day, Target moved without opposition to amend its answer to admit negligence, Doc. 38 at 1, and for permission to have Dr. Carlos Tandron examine Rigdon on July 24, 2020, Doc. 39. The Court granted the motions, Docs. 40, 41, 45, and extended the deadline to file dispositive and *Daubert* motions from June 30 to July 24, 2020, and the trial term from December 2020 to January 2021. Doc. 40.

On June 23, 2020, Dr. El-Bahri was deposed, with Cozart representing Rigdon. Doc. 49-2.

4

On July 22, 2020, Target moved for summary judgment and to exclude under *Daubert* Dr. El-Bahri's testimony about causation. Doc. 42. Target argues that without his testimony, Rigdon cannot prove causation or damages. Doc. 42 at 16.

On August 6, 2020, Rigdon, through Brunet, sent Target a seven-page report of Dr. Boehme expressing "biomedical opinions" and "general medical causation opinions." Doc. 50 at 1–2. The same day, Target's counsel asked Rigdon to "withdraw" Dr. Boehme considering the untimeliness of the disclosure and stated if Rigdon did not, Target would move to "strike" Dr. Boehme. Doc. 50 at 3–4. Rigdon did not respond. Doc. 50 at 3.

On August 12, 2020, Rigdon, through Brunet, responded to the *Daubert* motion and for summary judgment, arguing granting the *Daubert* motion should be denied but even if granted summary judgment is unwarranted because Dr. Boehme's opinion establishes causation. Doc. 49. On the same day, Rigdon, through Brunet, filed a "Rule 26 Expert Witness Report" of Dr. Bahri with new opinions. Doc. 51 at 3.

On August 13, 2020, Target moved to "strike" Dr. Boehme. Doc. 50. Rigdon did not respond, and the time for responding has passed. On the same day, Target's counsel wrote Rigdon to explain Target objected to Dr. Bahri's new opinions. Doc. 51 at 3. Rigdon did not respond.

On August 28, 2020, Target filed a motion in limine to prohibit Dr. El-Bahri from offering the new opinions. Doc. 51.

As of today, Miller (now with Farah and Farah, P.A.), and Bonner, Brunet, Cozart, and Scott Burleigh (all with the Sholes firm) remain counsel of record for Rigdon, having never sought permission to withdraw as required by Local Rule 2.03(b). (Cozart is not at the top of the docket sheet but, as stated, her name appears on the signature block of a filing.)

## Law & Analysis

Under Rule 16, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a deadline is in a scheduling order and a motion is filed after the deadline, "Rule 16 is the proper guide for determining whether [the] party's delay may be excused." *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (citing *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 n.8 (11th Cir. 2014), and *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). Rule 16's good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation omitted).

Rigdon fails to show he could not meet the March 31, 2020, deadline for disclosing experts and the May 29, 2020, for completing discovery despite diligence and therefore fails to show good cause to extend those deadlines.

The circumstances described above speak for themselves. Although the Court generally has been quick to extend deadlines because of the unprecedented disruption caused by the global pandemic, the absence of diligence before the pandemic and continuing to the present is apparent, from failing to respond to the initial request by Target's counsel to discuss case management; to failing to find Waters for the January 28, 2020, deposition despite that Target had identified her on June 17, 2019; to failing to immediately reassign representation to another lawyer to address the looming deadline for disclosing experts or failing to have Bonner—who has appeared as counsel of record since at least August 2019—assume primary responsibility for the action; to failing to follow-up on taking a deposition of a corporate representative; to waiting until more than a month after Miller's departure to file a notice of appearance of new counsel of record; to waiting until a month after the deadline for disclosing experts and after Target disclosed its expert to request the extensions; to then filing only a bare-boned notice of expert designations without reports; to waiting more than four months  after the deadline for disclosing experts and—importantly—after the amended *Daubert* deadline to file Dr. Boehme's report; to failing to respond to recent

6

communications by Target's counsel about Drs. Boehme and El-Bahri; to failing to respond to the motion to strike; to failing to request leave to withdraw in accordance with Local Rule 2.03(b).*

## Conclusion

The motion for an extension of deadlines to disclose experts and conduct discovery, Doc. 33, is **denied** for failure to show good cause. The motion to "strike" Dr. Boehme, Doc. 50, is **granted** to the extent Rigdon cannot use Dr. Boehme as an expert in this action for failure to timely disclose his report and failure to show good cause for the delay. The parties apparently stipulated to taking some discovery after the May 29, 2020, discovery deadline and allowing at least some testimony of Dr. El-Bahri. Nothing in this order is intended to address any stipulation of the parties or the pending motions concerning Dr. El-Bahri.

**Ordered** in Jacksonville, Florida, on August 31, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

---

*Other inattentiveness is suggested by Rigdon's reference to both John Rigdon and Joy Rigdon as the plaintiffs, *see, e.g.,* Doc. 49 at 1, even though she was dismissed from the action in state court.